**ERIC OLLASON**
**ATTORNEY AT LAW**
**182 NORTH COURT**
**TUCSON, ARIZONA 85701**
**TELEPHONE (520) 791-2707**
**PCCNO. 4349**
**SBA# 014860**

# IN THE UNITED STATES BANKRUPCY COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| **In re:** | In Proceedings Under Chapter 11 |
| | Case No.: 4:18-bk-12649-SHG |
| **ARMANDO V. DEGUZMAN and PATRICIA DEGUZMAN,** | **MOTION TO DISMISS CHAPTER 11 CASE** |
| **Debtors.** | |

This motion is brought under sections 105(a), 305(a), 349, 363, 554 and 1112(b) of title 11 of the United States Code (the "Bankruptcy Code"), and Rule 1017(a) and 6007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). Pursuant to this motion, Debtors request entry of an order, substantially in the form attached hereto as Exhibit A, dismissing Debtors Chapter 11 case.

## **JURISDICTION**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and 11 U.S.C. § 362.

1

2. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1409.

3. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(G).

## BACKGROUND

4. On October 17, 2018, Debtors filed a Voluntary Petition for relief under Chapter 13 of Title 11 of the United States Code (the "Bankruptcy Code").

5. On November 9, 2018, the IRS filed proof of claim 4-1, the total amount claimed was $104,826.18, of which the IRS stated that $39,813.44 were secured.

6. On November 13, 2018, Debtors filed a Motion to convert case to chapter 11, as a result that Debtors were over the debt limit for a Chapter 11.

7. On December 13, 2018, the IRS filed an amended proof of claim 4-2 for a total amount of $1,228,689.79. The amended claim states that $30,922.45 of the total amount claimed is secured.

8. On December 13, 2018, Michael J. FitzGibbons, as receiver of X-1, LLC and its affiliated entities, filed a claim in the amount of $1,647,487.52. The Receiver had filed suit against Debtors in the Utah state district court, titled *FitzGibbons v. DeGuzman., et al.*, case No. 180905881. As a result of the automatic stay, proceedings in the Utah Action were stayed.

9. On December 17, 2018, Debtors case was converted from a Chapter 13 to a Chapter 11 bankruptcy.

2

10. On January 14, 2019, Debtors Filed their Schedules and Statements.

11. On March 21, 2019, the IRS filed amended proof of claim 4-3 for a total amount of $1,208,677.05. The amended claim states that $30,922.45 of the total amount claimed is secured.

12. On April 27, 2019, Debtors filed an Amended Disclosure Statement and Chapter 11 Plan of Reorganization.

13. On August 29, 2019, an order was entered requesting debtors to make certain changes to their Amended Disclosure Statements in light of certain Objections to Confirmation that were filed.

14. On September 6, 2019, Debtors filed Motion for Relief from Stay to Pursue Tax Litigation against the IRS in an attempt to reduce the IRS' tax claim.

15. On October 8, 2019, Debtors filed a Second Amended Disclosure Statement and Chapter 11 Plan.

16. On November 6, 2019, Debtors Motion for Relief from Stay to Pursue Tax Litigation was granted.

17. On November 13, 2019, Debtors filed a Third Amended Disclosure Statement and Chapter 11 Plan.

18. On July 9, 2020, Debtors had reached a settlement agreement with Michael J. FitzGibbons, as receiver of X-1, LLC and its affiliated entities, on all claims arising out of the Utah case. *See* Exhibit B.

3

19. As of today no Disclosure Statement or Chapter 11 Plan has been approved by the Court.

**REQUEST FOR RELIEF**

20. Debtors respectfully requests entry of an Order, substantially in the form annexed as Exhibit A, pursuant to Section 105(a) and 1112(b) of the Bankruptcy Code, dismissing the Chapter 11 Case and granting such other and further relief as requested herein or as the Court may deem necessary or appropriate.

**BASIS FOR RELIEF**

**Cause Exists To Dismiss the Chapter 11 Case Because Debtors are Unable To Confirm a Chapter 11 Plan**

21. As set forth above, Debtors have no ongoing business operations, and were required to convert to Chapter 11 Debtors were over the debt limit for a Chapter 13, and after filing 3 amended Statements, it has become clear that they are unable to confirm a Chapter 11 Plan.

22. The Debtors have reached an Agreement with the Debtors' largest Creditor (excepting the IRS) Michael J. FitzGibbons, as receiver of X-1, LLC and its affiliated entities. *See* Exhibit B.

23. The Debtors, although cannot settle the IRS claim in bankruptcy, can effectively settle the claim or litigate the tax claim outside bankruptcy.

22. Section 1112(b) of the Bankruptcy Code provides that a court may dismiss a chapter 11 case "for cause" and states, in relevant part, that "on request of a party in

4

interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause . . . ." 11 U.S.C. § 1112(b). Determinations of whether "cause" exists are made on a case-by-case basis and the decision to dismiss a chapter 11 case rests in the sound discretion of the Court. *See* In re Albany Partners, Ltd., 749 F.2d 670, 674 (11th Cir. 1984); In re Young, 76 B.R. 376, 378 (Bankr. D. Del. 1987) (stating that section 1112(b) of Bankruptcy Code permits court in its discretion to dismiss chapter 11 case, and that "determination of whether cause has been shown must be made on a case-by-case basis, and cause is not limited to the enumerated grounds of § 1112(b)").

17. Section 1112(b)(4) of the Bankruptcy Code provides a nonexclusive list of 16 grounds for dismissal. See 11 U.S.C. § 1112(b)(4)(A)-(P). One such ground is the "inability to effectuate substantial consummation of a confirmed plan." 11 U.S.C. § 1112(b)(4)(M). The inability to effectuate a plan arises when a debtor "lacks the capacity to formulate a plan or to carry one out." See In re Preferred Door Co., 990 F.2d 547, 549 (10th Cir. 1993) (quoting Hall v. Vance, 887 F.2d 1041, 1044 (10th Cir. 1989)). An additional ground to dismiss a chapter 11 case is "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation." 11 U.S.C. § 1112(b)(4)(A).

18. Here, the Debtors do not possess the wherewithal to maintain the Chapter 11

5

Case and cannot propose or confirm a chapter 11 plan because the Debtors no longer have any assets to distribute or a business to reorganize. Further, the Debtors could not satisfy the Bankruptcy Code's confirmation requirements under section 1129 of the Bankruptcy Code, including the requirement that administrative expense and priority claims accrued through the balance of a chapter 11 case be paid in full as of the effective date of a chapter 11 plan. Conversely, continuance of the Chapter 11 Case would result in the Debtors incurring unnecessary additional administrative expenses that it would be unable to pay. Accordingly, Debtors submit that cause exists to dismiss the Chapter 11 Case under section 1112(b) of the Bankruptcy Code in light of the Debtors' inability to effectuate a chapter 11 plan.

**WHEREFORE**, for the reasons set forth above, Debtors respectfully requests that the Court enter the Order substantially in the form annexed hereto as Exhibit A dismissing the Chapter 11 Case and granting such other and further relief as requested herein or as the Court otherwise deems necessary or appropriate.

**RESPECTFULLY SUBMITTED,** this 28th day of July, 2020.

**/s/ Eric Ollason**
**Eric Ollason**
**Attorney for Debtor**

6

Case 4:18-bk-12649-SHG    Doc 163    Filed 07/28/20    Entered 07/28/20 11:49:12    Desc
Main Document    Page 6 of 6