## SETTLEMENT AGREEMENT

This settlement agreement (the "Agreement") dated effective the ___ day of June 2020, is made by and between Michael J. FitzGibbons ("Receiver"), as Receiver of X-1, LLC and its affiliated entities (hereafter referred to as "X-1") and Armando DeGuzman and Patricia DeGuzman (collectively referred to as the "Debtors"). The parties hereto are sometimes individually referred to herein as a "Party" and collectively as the "Parties."

### RECITALS

Whereas on or about April 23, 2014, Debtors entered into a Distributor Purchase Agreement ("Purchase Agreement") whereby X-1, LLC, Laundy Unkefer, Alexandria M. Unkefer Raynes, Derrick Raynes, Sherman E. Unkefer (collectively defined in the Agreement as "Sellers") agreed to sell to Debtors certain XanGo LLC ("XanGo") distributorships for Three Million Dollars ($3,000,000.00), through monthly payments as set forth in the Purchase Agreement;

Whereas on April 22, 2014, Michael J. FitzGibbons was appointed by the Arizona Superior Court for Maricopa County in the action titled *State of Arizona v. Unkefer, et al*, cause number CV2014-006765, as the Receiver of X-1, LLC and various affiliated entities ("Receivership Action");

Whereas the Receiver acquired all right title and interest of the Sellers in the Purchase Agreement;

Whereas the Debtors subsequently defaulted under the Purchase Agreement and on August 15, 2018, the Receiver filed suit against the Debtors in the Utah state district court, titled *FitzGibbons v. DeGuzman., et al.*, case number No. 180905881 ("Utah Action"), in which the Receiver seeks to recover from the Debtors all amounts remaining owed under the Purchase Agreement;

Whereas on October 17, 2018 the Debtors filed a Chapter 13 Bankruptcy Petition with the United States Bankruptcy Court for the District of Arizona, case number 4:18-bk-12649 SHG. On December 17, 2018, the case was converted to a Chapter 11 case ("DeGuzman Bankruptcy"). As a result of the automatic stay under 11 U.S.C. § 362(a) of the Bankruptcy Code, further proceedings in the Utah Action were stayed;

Whereas the Receiver has filed a claim in the DeGuzman Bankruptcy in the amount of $1,647,487.52 reflecting the amounts owed by the Debtors to the Receiver under the Purchase Agreement as of December 15, 2018; and

Whereas without admitting the truth or validity of any claim or defense, the Parties desire to settle all claims that the Receiver may be entitled to assert against the Debtors arising out of the Agreement, including without limitation claims for breach of contract, breach of implied covenant of good faith and fair dealing, unjust enrichment and fraud ("Receiver Claims").

### TERMS

NOW, THEREFORE, in consideration of the mutual covenants set forth herein and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties to this Agreement hereby agree as follows:

1. In settlement of the Receiver's Claims, the Debtors shall, subject to the following terms and conditions:

    a. Convey to the Receiver all of the Debtors right title and interest in the vacant land located in Rio Rico and legally described as Lot 5, Tubac Rio Cruz, subdivision of Santa Cruz County, Arizona as Recorded in the Office of the County Recorder in Book 4 of Maps, page 101, A.P.N.: 111-32-025 ("Property"); and

    b. Pay to the Receiver the sum of $550,000.00 as provided herein.

2. Contemporaneous with the execution of this Agreement by the Debtors, the Debtors shall execute and deliver to the counsel for the Receiver:

    a. A Quit Claim Deed conveying to the Receiver title to the Property in a form acceptable to the Receiver. Receiver's counsel shall hold the Quit Claim Deed in escrow pending the dismissal of the DeGuzman Bankruptcy at which time the Quit Claim Deed may be recorded. The Debtors warrant that there are no encumbrances on the Property and the Debtors agree to take no action to transfer or alienate their interest in the Property or that would result in the imposition of a lien or other encumbrance on the Property.

    b. A Stipulation to Entry of Judgment in the Utah Action stipulating to entry of a judgment against the Debtors in the amount of $550,000.00 in the form attached hereto as Exhibit 1 ("Judgment"). Receiver's counsel shall hold the Stipulation and form of judgment in escrow pending the dismissal of the DeGuzman Bankruptcy at which time the Stipulation and form of judgment may be filed and entered in the Utah Action.

3. Within ten (10) days following the date of this Agreement the Debtors shall file a Motion in the Bankruptcy Court to dismiss the DeGuzman Bankruptcy to which the Receiver will file a Notice of No Objection.

4. Commencing in August 2020 immediately following the dismissal of the DeGuzman Bankruptcy, and on the first day of each succeeding month, the Debtors shall pay the Receiver monthly installment payments of not less than two thousand five hundred dollars ($2,500.00) per month, until the sum of one hundred thousand dollars ($100,000.00) has been paid.

5. For as long as the Debtors are current in making their monthly payments as required under paragraph 4 above, the Receiver shall forebear from enforcing the Judgment and any interest that would otherwise accrue under the Judgment shall be waived.

6. It is understood and agreed that if the financial information filed by the Debtors in the DeGuzman Bankruptcy contains material false statements or omissions of material facts the Receiver may elect in his sole discretion to proceed with the enforcement of the Judgment after giving the Debtors thirty (30) days written notice.

7. Within ten (10) days after receipt of the executed Agreement and the documents required under paragraph 2, the Receiver shall file a petition in the Receivership Action seeking the approval of this Agreement, and the provisions contained therein are conditioned upon the approval of the Agreement by the Court in the Receivership Action and the Agreement shall not become effective until and unless so approved.

8.  In the event the Receiver receives a total of $100,000.00 from the timely payments by the Debtors as required under paragraph 4, the Receiver shall execute and file in the Utah Action a document evidencing the partial satisfaction of the Judgment, reflecting that the remaining balance due under the Judgment has been reduced to not more than $400,000.00.

9.  In the event the Defendants fail to make any payment required under paragraph 4 on or before the date such payment is due, the Receiver may provide a written notice of default to the Defendants as provided below. The Defendants shall have fifteen (15) days to cure such default and in the event they fail to cure such default, the Receiver shall be entitled to default interest at the rate of 8% per annum from the date of the default and may proceed to enforce the Judgment together with interest, less any payments received from the Defendants under paragraph 4.

10. Upon the timely payments in full of the $100,000.00 and the remaining Judgment of $400,000.00 being put in place, as explained in paragraph 8, Debtors shall pay the Receiver monthly installment payments of not less than two thousand five hundred dollars ($2,500.00) per month, on the first day of each month thereafter, until an additional sum of one hundred and fifty thousand dollars ($150,000.00) has been paid.

11. For as long as the Debtors are current in making their monthly payments as required under paragraph 10 above, the Receiver shall forebear from enforcing the Judgment and any interest that would otherwise accrue under the Judgment shall be waived.

12. In the event the Defendants fail to make any payment required under paragraph 10 on or before the date such payment is due, the Receiver may provide a written notice of default to the Defendants as provided below. The Defendants shall have fifteen (15) days to cure such default and in the event they fail to cure such default, the Receiver shall be entitled to default interest at the rate of 8% per annum from the date of the default and may proceed to enforce the Judgment together with interest, less any payments received from the Defendants under paragraph 10.

13. In the event the Receiver receives an additional total of $150,000.00 from the timely payments by the Debtors as required under paragraph 10, the Receiver shall execute and file in the Utah Action a document evidencing the full satisfaction of the Judgment in its entirety.

14. Upon approval of this Agreement by the Receivership Court, the Receiver, on his own behalf and on behalf of his attorneys, employees, partners, agents, predecessors, successors, assigns, assignors, and legal representatives, releases and forever discharges the Debtors and their attorneys, employees, agents, predecessors, successors, assigns, assignors, executors, administrators, and legal representatives from any and all claims of any kind or nature arising out of the Purchase Agreement, including without limitation any claims that were made or could have been made in the Utah Action.

15. Upon approval of this Agreement by the Receivership Court, the Debtors, on their own behalf and on behalf of their attorneys, employees, partners, agents, predecessors, successors, assigns, assignors, and legal representatives, release and forever discharge the Receiver and his attorneys, employees, agents, predecessors, successors, assigns, assignors, executors, administrators, and legal representatives from any and all claims of any kind or nature arising out of the Purchase Agreement, including without limitation any claims that were made or could have been made in the Utah Action or the Receivership Action.

16. Any notice required or permitted to be given under this Agreement shall be sent to the Parties and their respective legal counsel at the following addresses by first class mail and by email:

<u>To the Receiver</u>:

    Michael J. FitzGibbons, Receiver
    9821 N. 95th Street, Suite 105
    Scottsdale, AZ 85258
    Email: mjf@fitzgibbonsco.com

    and

    Guttilla Murphy Anderson, PC
    c/o Patrick M. Murphy
    5415 E. High Street, Suite 200
    Phoenix, Arizona 85054
    Email: pmurphy@gamlaw.com

<u>To the Debtors</u>:

    Armando DeGuzman
    Patricia DeGuzman
    16370 S. Sycamore Hallow Trail
    Vail, AZ 85641

    and

    Law Office of Eric Ollason
    Eric Ollason
    182 North Court Ave.
    Tucson, Arizona 85701
    Email: eollason@182court.com

17. The Parties hereto acknowledge that this Agreement is being made by each Party of its own free choice, without any inducement offered in any way other than the express agreements contained in this Agreement. The Parties further state that in entering into this Agreement, each Party has had the opportunity to consult with an attorney of that Party's own choice regarding the benefits and detriments of entering into this Agreement.

18. This Agreement contains the full and complete agreement of the Parties hereto, and all prior negotiations and agreements pertaining to the subject matter hereof are merged into this Agreement. No amendment, waiver, or discharge in any provision of all or any part of the Agreement shall be valid unless such amendment, waiver or discharge is in writing and duly executed by all Parties to this Agreement, or their authorized agents.

19. This Agreement may not be amended or modified except in writing, signed by the Party to be bound thereby, or if signed by the respective Parties' attorneys of record.

20.     The Parties hereto warrant and represent that none of them has sold, assigned, granted, or otherwise transferred to anyone not a party hereto, any right, privilege, or cause of action, or any part thereof, arising out of or otherwise connected with the subject matter or terms of this Agreement. The Debtors understand and agree that the Receiver may assign or otherwise transfer his rights under this Agreement and the Judgment, provided the Assignee or Transferee shall be subject to the terms and conditions of this Agreement to the same extent as the Receiver.

21.     This Agreement is binding upon and inures to the benefit of the Parties hereto and their respective heirs, personal representatives, successors, and assigns.

22.     This Agreement is entered into in the State of Arizona, and shall be governed by, construed, interpreted, and enforced in accordance with the laws of the State of Arizona. Any dispute concerning the interpretation of this Agreement shall be submitted to and decided exclusively in the Receivership Action.

23.     The person signing this Agreement on behalf of any Party to this Agreement, hereby warrants and represents that the person is authorized to sign this Agreement and make the promises and grant the releases contained herein on behalf of the respective entity and that such person has the power to bind the respective entity.

24.     This Agreement may be executed in counterparts by one or more of the undersigned, and all such counterparts so executed shall together be deemed to constitute one final Agreement, as if one document had been signed by all Parties hereto. Each such counterpart shall be deemed to be an original, binding the Parties subscribed thereto, and multiple signature pages affixed to a single copy of the Agreement shall be deemed to be a fully executed original Agreement.

25.     In the event of any future litigation between the Parties to this Agreement in which the enforcement of this Agreement is sought, the prevailing Party or Parties with respect to issues relating to the Agreement shall be entitled to recover their reasonable attorneys' fees and costs from the other Party or Parties.

26.     All parties to this Agreement have read this Agreement and fully understand and comprehend its meaning and binding effect.

**MICHAEL J. FITZGIBBONS** as Receiver of X-1, LLC, Mango Trust; Magic Wand Services, LLC; Occidental Resources Group, LP; Occidental Management, LLC; E.A.P. Trust; International Marketing Systems; G.M.S. LLC; Catshaker Family Trust, Inc.; SLADUR; Black Rock, Inc.; and X-1 Global, LLC.

Dated: _____          _____
                                  Michael J. FitzGibbons, Receiver

ERIC OLLASON

Dated: 7-9-2020

_____
Eric Ollason
Debtors' Attorney

ARMANDO DEGUZMAN

Dated: 7-9-20

_____
Armando DeGuzman

PATRICIA DEGUZMAN

Dated: 7-9-20

_____
Patricia DeGuzman